(No. 1108—Claimant awarded $1,460.00.)

.JESSE H. CRANE Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 29, 1927.*

RESPONDEAT SUPERIOR—*State not liable.* The State is not liable for injuries sustained by its employees while in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made.* An award may be made in favor of an injured employee of the State, while in the discharge of his duty, under the provisions of the Workmen's Compensation Act.

⋅ OSCAR J. PUTTING and W. E. LINDGREN, for claimant.

OSCAR E. CARLSTROM, Attorney General; MERRILL F. WEHMHOFF, Assistant Attorney General, for respondent.

⋅ Mr. JUSTICE LEECH delivered the opinion of the court:

The claimant, Jesse H. Crane, in his declaration filed in this court on December 17, 1926, alleges that on August 31, A. D. 1925, he was an employee of the State of Illinois, in the

highway department at Springfield, Illinois, such employment being as a laborer at the Illinois State Fair Grounds, which employment was under the supervision and direction of Robert Abels, foreman of laborers; that he was, at that time and place, ordered and directed by his said foreman, Robert Abels, to saw certain stakes on a rip saw, which was located in a frame building covered with canvas at the northeast corner of the Illinois State Fair Grounds, at Springfield, Illinois; that while he was thus engaged in sawing stakes on said rip saw his feet slipped, causing his left hand to come in contact with said saw, and, in consequence thereof, his left hand was severely cut, bruised and lacerated; that he has spent, to-wit, $300.00 in his endeavors to become healed and cured of his injuries; that at the time of the injury he had a child and his mother who were and are dependent upon him for support, and he makes a claim for an award of $2,000.00 from the State of Illinois.

To this declaration, the State of Illinois, by the Attorney General, filed a demurrer, which is sustained, as a matter of law.

It appears from the testimony that there is a total permanent loss of the thumb and index finger, and that claimant was receiving the sum of $24.00 per week.

While we do not concede that there is any legal liability on the part of the State to make an award in this case, as a matter of social justice and equity, we award claimant the sum of $1,460.00, figuring the loss under the provisions of the Workmen's Compensation Act of the State of Illinois.